# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC T. CRAIN<br><br>v.<br><br>FIRST SECURITY BANK, et al.<br><br>PLAINTIFF(S) / DEFENDANT(S) | **CASE NUMBER**<br><br>EDCV 22-1487 DSF (SPx)<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

12/2/2022
Date

*Dale S. Fischer*
United States District Judge

CV-73 (07/22)        ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

The Court previously denied Plaintiff's in forma pauperis request because he had failed to demonstrate subject matter jurisdiction and had failed to state a claim. The problems previously noted by the Court persist. The federal statutes cited by Plaintiff are criminal statutes and Plaintiff has not demonstrated that he is a citizen of a different state from each of the Defendants. While the Court has some understanding of Plaintiff's general issues, the allegations of the complaint are too unclear for the Court to understand exactly what each of the named Defendants is alleged to have done with respect to Plaintiff's general complaint about the trust that had been set up for his benefit. Further, it appears unlikely that personal jurisdiction exists in this Court over any of the three Defendants. The claims against First Security Bank and Crain Automotive Group appear to be against non-California defendants related to conduct in Arkansas. The claim against Remax, Inc. is very unclear and may be related to California conduct, but the complaint fails to connect the (allegedly) Denver-based Remax and the local California Remax entity who seems to be the source of whatever harm Plaintiff may have suffered.

*(attach additional pages if necessary)*